IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) | No. CR 04-01159-PHX-SRB |
| vs. | ) | CIV-05-1097-PHX-SRB (BPV) |
| | ) | |
| ENRIQUE LUNA HERRERA, | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

On April 12, 2005, Enrique Luna-Herrera, ("Movant"), presently confined in the Cibola County Correctional Center in Milan, New Mexico, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody pursuant to 28 U.S.C. § 2255 ("Motion") (Doc. #31). The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order dismissing the Motion.

Ordinarily, a court must conduct a hearing on a motion unless it "and the files and records of the case conclusively show that the petitioner is entitled to no relief ...." 28 U.S.C. § 2255. The Motion, as well as the files and records, do conclusively establish that Movant is not entitled to relief. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989). Hence, no hearing is required to rule on the present Motion.

//
//
//
//
//

**I.      PROCEDURAL BACKGROUND.**

Rodrigo Alberto Lozano-Valadez, ("Movant"), was arrested on September 4, 2004, (Doc. # 1) and charged by information with Re-entry and Attempted Re-entry After Deportation in violation of 8 U.S.C. § 1326(a) and enhanced by (b)(2). (Doc. #13)

Movant waived indictment and, on November 1, 2004, entered a plea of guilty to the offense of Re-entry after Deportion as charged in the information. (Doc. # 16) The count of attempted re-entry was dismissed. On March 31, 2005, Movant was sentenced to a term of imprisonment of 27 months, three years supervised release and a special assessment of $100.00. (Doc. # 13)

On April 12, 2005, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. # 31) Movant argues as a basis for relief that he received ineffective assistance of counsel.

On August 26, 2005, the District Court called for an answer from the United States Attorney. (Doc. # 36) The order also referred the matter to Magistrate Judge Bernardo P. Velasco pursuant to LRCiv 72.1 and 72.2 for further proceedings and a report and recommendation. Respondents filed a Response in Opposition on October 31, 2005. (Doc. # 42) No reply was filed.

**II.     DISCUSSION**

**A.     Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a one year period of limitations from the date on which the judgement of conviction becomes final has been imposed on the filing of motions for collateral relief by prisoners in federal custody. 28 U.S.C. § 2255. Respondents do not contest the timeliness of this motion, and a review of the record suggests that the motion was timely filed.

**B.      Ineffective Assistance of Counsel**

Movant states that he thinks he was denied the effective assistance of counsel because "I feel that my Lawyer did not help me at all. The reason I feel this way is that I have a prior over ten yrs old. That shouldn't have been used against me. I'm here for re-Entry. I got 27 months. I feel that I got a lot of time. My Lawyer should of fought for me more. I feel that he didn't do enough for me. He assured me of way less time of what I got"   (Motion, p. 4.)

The established law governing the merits of an ineffective assistance of counsel claim is expressed in *Strickland v. Washington*, 466 U.S. 668 (1984). The general standard for attorney performance is that of "reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668 (1984). To have a valid ineffective assistance of counsel claim Petitioner must meet the requirements set forth in *Strickland.* The *Strickland* test requires Petitioner establish deficient performance by counsel and prejudice resulting from that performance to obtain relief. *See Luna v. Cambra*, 306 F.3d 954, 961 (9th Cir. 2002), *amended,* 311 F.3d 928. First, deficient performance requires that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 694. Second, Defendant must show prejudice resulting from deficient performance by counsel. To show prejudice Defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the outcome of the proceedings would have been different. *Strickland*, 466 U.S. at 694; *Luna*, 306 F.3d at 961.

Movant's allegation that his lawyer didn't "do enough" for him and assured him of a more favorable sentence are unsupported by the record. Movant's counsel negotiated a favorable plea agreement. (Doc. # 29) The plea agreement and transcript from the change of plea hearing indicate that counsel discussed the case with Movant, advised him of the nature and range of possible sentence in the plea agreement, and Movant was satisfied with his representation.   (Doc. # 29, p. 7, Doc. # 40, p7-10)

1  Movant stated, at the change of plea hearing, in contradiction to the assertion he now
2  makes, that no one, including his lawyer, made any promise about what his sentence
3  would be.  (Doc. # 40, p.10-11)
4         After the presentence investigation report ("PSR") was prepared, Movant's
5  counsel filed a motion opposing the report, and advocating a lower criminal history for
6  the Movant asserting that the PSR erroneously assessed 3 additional points for two prior
7  convictions occurring on the same date of November 30, 1994.  (Doc. #'s  21-22)
8  During sentencing the Court sustained the Movant's objection, resulting in a decrease
9  in Movant's criminal history category from level III to level II, thus a decrease in
10 sentencing range from 30-37 months to 27-33 months.  (Doc. #41, p.12.)
11        Movant's counsel also submitted an extensive sentencing memorandum, arguing
12 that the District Court was not bound to the sentencing guidelines under *Booker*, and
13 that Movant's background dictated a lenient sentence.  (Doc. # 25.)
14        Movant's assertion that his counsel was ineffective for failing to challenge a
15 sentence that was more than ten years old is also without merit.  Under the sentencing
16 guidelines, USSG § 2L1.2, the commentary indicate that "[f]or purposes of subsection
17 (b)(1)(C),'aggravated felony' has the meaning given that term in section 101(a)(43) of
18 the Immigration and Nationality Act (8 U.S.C. 1101(a)(43), without regard to the date
19 of conviction for the aggravated felony."   USSG, § 2L1.2, n.3.  Plaintiff has not
20 presented any persuasive argument to the contrary.
21        Movant has failed to demonstrate that his counsel's performance fell below an
22 objective standard of reasonableness.
23        Moreover, Movant has failed to state any prejudice as a result of the alleged
24 ineffectiveness.
25        Accordingly, having failed to demonstrate either the first or second prong of
26 *Strickland*, Movant's claim of ineffective assistance of counsel fails.
27
28

### III. RECOMMENDATION

It is the recommendation of this Court that the Movant's Motion to Vacate/Set Aside Sentence (Document # 31) be DENIED.

Pursuant to Title 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: CR 04-01159-PHX-MHM and CV 05-1097-PHX-MHM.

DATED this 26th day of May, 2006.

_____
Bernardo P. Velasco
United States Magistrate Judge

- 5 -